## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 14 2017, 10:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Scott L. Barnhart
Brooke Smith
Keffer Barnhart LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Millard P. Johnson,<br>*Appellant-Defendant*,<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff*. | December 14, 2017<br><br>Court of Appeals Case No.<br>82A01-1706-CR-1240<br><br>Appeal from the Vanderburgh Circuit Court<br><br>The Honorable Michael J. Cox, Magistrate<br><br>Trial Court Cause Nos.<br>82C01-1612-F1-7094<br>82C01-1701-F4-426 |

**Brown, Judge.**

[1] Millard P. Johnson appeals his sentence for two counts of child molesting as level 4 felonies. Johnson raises one issue which we revise and restate as whether his sentence is inappropriate in light of the nature of the offenses and the character of the offender. We affirm.

## Facts and Procedural History

[2] Between May 1 and July 31, 2016, Johnson touched M.E., a child under the age of fourteen, under her clothing while she was sitting on his lap with the intent to arouse or satisfy the sexual desires of the child or himself. On or about December 1, 2016, Johnson touched R.M., a child under the age of fourteen, under her clothing with the intent to arouse or satisfy the sexual desires of the child or himself.

[3] On December 8, 2016, the State charged Johnson with two counts of child molesting related to R.M. as level 1 felonies under cause number 82C01-1612-F1-7094 ("Cause No. 94"). On January 24, 2017, the State charged Johnson with two counts of child molesting related to M.E. as level 4 felonies under cause number 82C01-1701-F4-426 ("Cause No. 26"). On April 13, 2017, the State filed an amended information under Cause No. 94 alleging Johnson committed two counts of child molesting related to R.M. as level 4 felonies. Johnson pled guilty to the first count of child molesting as a level 4 felony under Cause No. 94 and the first count of child molesting as a level 4 felony under Cause No. 26, and the State dismissed the other charges.

[4]     At his sentencing hearing, the prosecutor stated that each of the victims were three years old, that "[t]his was an in-home daycare, so there were multiple other minors present while these crimes were taking place," and that the parents had entrusted their children to care in Johnson's home. May 11, 2017 Transcript at 9. The prosecutor also noted that Johnson was in poor health when the crimes were committed and argued that he nevertheless knew what he was doing was wrong and that his poor health should not be given consideration. The State asked for a sentence in excess of the advisory sentence and that the sentences run consecutively. Johnson's defense counsel argued that Johnson was seventy-one years old and had no criminal history, the crimes are highly unlikely to ever reoccur, Johnson is in very poor health and had several major abdominal surgeries while in jail, the sheriff had suggested or requested that Johnson be released to home detention while he was in the hospital, Johnson has difficulty hearing, and Johnson's hope was that his brother could arrange a place in a nursing home for him. His counsel also stated "I don't think he'd make it 1 year in the Department of Corrections, if he did, he'd be in the hospital ward being cared for the same way as he is here at the county's expense." *Id.* at 14. His counsel asked that the sentence be suspended to probation to allow him to finish out his days in a nursing home. Johnson said that he was extremely sorry for what he had done. The presentence investigation report ("PSI") stated Johnson reported that he suffered a brain injury while working in his sixties and that after the injury he stopped working. The PSI also indicated that he was housed in the medical

unit at the Vanderburgh County Jail and that the results of the IRAS-CST indicate he is a low risk to reoffend.

[5] The trial court noted that the offenses occurred in a home daycare, Johnson was in a position of having care, custody, or control of the children, and that Johnson admitted his guilt, expressed remorse, has poor physical health, and has no criminal history. The court sentenced Johnson to four years for his conviction under Cause No. 94 and four years for his conviction under Cause No. 26 and ordered the sentences to be served consecutively for an aggregate sentence of eight years.

## Discussion

[6] The issue is whether Johnson's sentence is inappropriate in light of the nature of the offense and his character. Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[7] Johnson argues that there does not appear to be anything particularly aggravating about the nature of the offenses. He further argues that he had led a law-abiding life for over seventy years prior to these offenses, that he was determined to be a low risk to reoffend, and that he was remorseful for his actions. He also argues that he had been and continues to be in poor health,

that he was being housed in the medical unit at the jail, and that the State acknowledged his poor health.

[8] The State argues that Johnson's sentence is not inappropriate, that he received less than the advisory sentence on each conviction, that he molested children who were very young and who had been placed in his care at a daycare, and that he has made no showing that the Department of Correction cannot adequately treat and handle any medical ailments he may suffer.

[9] We note that a person who commits a level 4 felony shall be imprisoned for a fixed term of between two and twelve years with the advisory sentence being six years. Ind. Code § 35-50-2-5.5.

[10] Our review of the nature of the offenses reveals that Johnson pled guilty to molesting R.M. and M.E., each of whom were under the age of fourteen, by touching them under their clothing as level 4 felonies. Johnson committed the offenses while R.M. and M.E. were in a home daycare. The prosecutor noted that R.M. and M.E. were three years old. As for his character, Johnson pled guilty and left sentencing to the discretion of the trial court. Although he did not have prior convictions, expressed remorse, and may not be in good health, he was convicted of molesting two young children, the State dismissed two counts, and he received a sentence below the advisory sentence on each of his convictions. After due consideration, we conclude that Johnson has not sustained his burden of establishing that his aggregate sentence of eight years is inappropriate in light of the nature of the offenses and his character.

## *Conclusion*

[11]    For the foregoing reasons, we affirm Johnson's sentence.

[12]    Affirmed.


Riley, J., concurs.

Baker, J., dissents with separate opinion.

| | |
|---|---|
| Millard P. Johnson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | Court of Appeals Case No. <br> 82A01-1706-CR-1240 |

**Baker, Judge, dissenting.**

[13] Our standard of review would seem to mandate that I concur, but I cannot. I see no reason to relegate this offender to spend the remainder of his days in what will probably be a hospital ward underwritten at taxpayer expense.

[14] I appreciate the seriousness of the offenses and the position of trust that Johnson violated, but I believe eight years is an inappropriate sentence given Johnson's advanced age and declining health. I would reverse and remand with instructions to make the sentences concurrent.